CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 29 2014

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY DAVID SAYERS, | ) | CASE NO. 7:14CV00119 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD W. CLARKE, DIRECTOR, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Jerry David Sayers, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement under a November 2004 judgment of the Tazewell County Circuit Court. Upon review of the record, the court summarily dismisses the petition as untimely filed.

I

A jury in the Tazewell County Circuit Court found Sayers guilty of malicious wounding, attempted murder, statutory burglary, and violation of a protective order. The evidence indicated that after Sayers' estranged wife took refuge in the home of a family friend, Sayers entered the home uninvited and harmed her with a knife. On November 29, 2004, the Court sentenced Sayers to 36 years in prison.

Sayers' initial appeal was dismissed for failure to file a transcript or statement of facts.[1] Later he pursued a belated appeal, but the Court of Appeals of Virginia affirmed the conviction. Sayers v. Commonwealth, Record No. 1504-06-4, 2007 WL 4300182 (Va. App. 2007) (unpublished) (finding that jury could have credited homeowner's testimony that he did not give defendant permission to enter his home so as to support conviction of statutory burglary). The

---

[1] See Sayers v. Tazewell County, Case No. 7:05CV00611, 2005 WL 2931844 (W.D. Va. 2005) (providing summary of state court proceedings, but dismissing § 2254 claims without prejudice as unexhausted).

Supreme Court of Virginia refused Sayers' subsequent petition for appeal on January 18, 2008, and his petition for a writ of certiorari to the United States Supreme Court was also unsuccessful. See Sayers v. Virginia, 556 U.S. 1192 (2009), pet. reh'g denied, 557 U.S. 950 (2009).

Sayers' family then hired attorneys to pursue a clemency petition. The attorneys told Sayers that he could not have a habeas corpus petition pending while the governor was reviewing the clemency petition, so Sayers did not file a habeas petition. The attorneys promised that they could persuade the governor to grant Sayers clemency, because they had contributed money to the governor's political party. After two and a half years, the governor denied clemency. Sayers then pursued an unsuccessful "petition to vacate" — first, in the circuit court, and then in the Supreme Court of Virginia.

On March 14, 2014, Sayers signed and dated a "notice of appeal" in this court. He sought review of the Supreme Court of Virginia's order dismissing his "petition to vacate" on January 27, 2014, on procedural grounds, and the order denying his petition for rehearing on March 6, 2014. The court advised Sayers that he could not pursue a direct appeal in this court. See Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (finding that district court has no jurisdiction to adjudicate appeal from state court decision). Because Sayers indicated that he wished to pursue claims that his trial was unfair, the court construed and filed his submission conditionally as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The court granted Sayers an opportunity to elect to pursue his claims under § 2254 by submitting a properly executed § 2254 petition or to object to the court's construction of his notice of appeal as a § 2254 petition. See Castro v. United States, 540 U.S. 375, 377 (2003). The court also notified Sayers that his claims appeared to be untimely filed under § 2254 and granted him an opportunity to provide any additional information or evidence on the time bar issue.

Sayers responded to these orders by filing a § 2254 petition and a memorandum in support (ECF Nos. 7 & 11). His petition as amended alleges numerous trial court errors, prosecutorial misconduct, judicial misconduct, ineffective assistance of counsel, and insufficient evidence.

## II

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A).[2] If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Sayers' § 2254 petition is clearly untimely under § 2244(d)(1)(A). The state court criminal judgment became final when Sayers' direct review concluded with the United States Supreme Court's denial of his petition for a writ of certiorari and petition for rehearing on July 27, 2009. On that date, his one-year period to file a timely § 2254 petition began to run, and that

---

[2] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

period expired on July 27, 2010. Sayers' § 2254 petition, submitted in March 2014 at the earliest, was filed outside this statutory period. Sayers does not state facts on which he is entitled to calculation of his filing period under the other subsections of § 2244(d), based on new evidence, rights newly recognized by the Supreme Court, or constitutional impediments recently removed. Accordingly, the court must find his petition to be time barred from federal habeas review under § 2244(d)(1), absent a finding that he is entitled to statutory or equitable tolling.

The one-year filing period under § 2244(d)(1) is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending. Sayers' clemency petition, however, does not fall into the category of collateral review petitions described in § 2244(d)(2). See, e.g., Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Therefore, the pendency of Sayers' clemency petition with the governor did not toll the filing period under § 2244(d)(2). Sayers' petitions to vacate, even if considered as properly filed state post-conviction proceedings, did not toll the § 2244(d)(1) filing period because Sayers did not file these petitions until after that period had already expired. Therefore, the court concludes that Sayers has not demonstrated that he is entitled to statutory tolling.

Equitable tolling of the federal habeas filing period is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Thus, to be entitled to equitable tolling, an otherwise time barred petitioner must present exceptional circumstances that prevented him from filing on time and must demonstrate that he has been duly diligent. Pace v. DiGuglielmo, 544 U.S. 408, 418, and n. 8 (2005). Generally, an

inmate's pro se status and ignorance of the law are not sufficient grounds to justify equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Sayers has not identified any circumstance *beyond his control* that made it impossible for him to file a timely federal habeas corpus petition. He and his attorneys made an informed decision to pursue clemency, and the attorneys took the action for which Sayers retained them. While his attorneys allegedly advised him that he "could not" pursue habeas corpus relief during clemency proceedings, they did not prevent him from doing so, pro se. Rather, Sayers chose to rely on the attorneys' optimistic assessments of his chances for clemency and let his habeas corpus rights languish. The court concludes that this conduct does not meet the stringent requirements for equitable tolling of the federal filing period under § 2244(d)(1). Therefore, the court dismisses Sayers' § 2254 petition as untimely filed.[3] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 29th day of April, 2014.

_____
Chief United States District Judge

---

[3] Sayers has also submitted a letter, which the court construes as a motion to amend to seek federal court review of his state conviction under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 14.) This argument has no merit, because the Federal Rules of Civil Procedure do not provide a vehicle by which a defendant may challenge a criminal judgment. See, e.g., United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).